FILED

JUL 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY A. LAZO, | No. 08-16838 |
| Petitioner - Appellant, | D.C. No. 5:06-cv-02732-JF |
| v. | |
| KEN CLARK, Warden | |
| Respondent - Appellee. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Argued and Submitted June 14, 2010
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and PANNER,[**] District Judge.

Jimmy A. Lazo appeals the district court's denial of his 28 U.S.C. § 2254

petition alleging ineffective assistance of counsel and due process violations. We

affirm.

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

Lazo argues his counsel rendered ineffective assistance by declaring in his opening statement that a witness would testify when it was far from certain that the witness would actually testify. Despite not submitting any affidavits explaining why the potential witness failed to testify, Lazo essentially asks us to create a new rule of law mandating that such "broken promises" are necessarily objectively unreasonable under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). However, Lazo has not met the "heavy burden" of establishing that counsel's promise was neither reasonable nor sound trial strategy. *See Matylinsky v. Budge*, 577 F.3d 1083, 1091-92 (9th Cir. 2009) (quoting *Murtishaw v. Woodford*, 255 F.3d 926, 939 (9th Cir. 2001)). Additionally, considering the overwhelming adverse evidence at trial, Lazo cannot demonstrate prejudice resulting from the broken promise. *Strickland*, 466 U.S. at 695. Thus, Lazo's claim of ineffective assistance fails.

Lazo also argues the prosecutor committed misconduct, violating Lazo's due process rights. As our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996, we may grant Lazo's habeas petition only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Christian v. Frank*, 595 F.3d 1076, 1080 (9th Cir. 2010) (quoting 28 U.S.C. § 2254(d)) (internal citation

omitted).  The state court's conclusion that the prosecutor's remarks simply reminded the jury that Lazo had presented a very narrow defense was neither contrary to clearly established federal law nor an unreasonable determination of the facts.  Additionally, Lazo has not demonstrated that any alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)  (internal citation omitted).

Finally, Lazo argues the trial court's incorrect instruction that assault was a lesser included offense to grand theft violated due process.  However, viewed in context, the instructions here were adequate to guide the jury's deliberations.  *See United States v. Moore*, 109 F.3d 1456, 1465 (9th Cir. 1997) (en banc).  The three charges involved were simple.  The jury received correct instructions on the elements of the charges.  In short, Lazo has not demonstrated a reasonable likelihood that the jury applied the instruction in a way that violated his constitutional rights.  *Carriger v. Lewis*, 971 F.2d 329, 334 (9th Cir. 1992) (en banc).

**AFFIRMED**.